# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LEVI A. SMITH,

Defendant.

No. CR 13-4043-MWB
(District of Nebraska Case No. 8:10-cr-127-JFB-TDT-1)

**ORDER CLARIFYING JURISDICTION OF THIS COURT ON TRANSFER FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

_____

On May 22, 2013, in a Transfer of Jurisdiction, pursuant to 18 U.S.C. § 3605, this court accepted and assumed "jurisdiction over . . . probationer or supervised releasee [Levi A. Smith] . . . from and after the entry of [the Order dated May 22, 2013]," on transfer from the United States District Court for the District of Nebraska. *See* Transfer of Jurisdiction (docket no. 1). I find that the decision of the Eighth Circuit Court of Appeals on direct appeal from the defendant's underlying conviction and sentence by the United States District Court for the District of Nebraska requires me to clarify the limited jurisdiction of this court after the Transfer of Jurisdiction.

More specifically, after remand from the United States Supreme Court for reconsideration in light of *Reynolds v. United States*, ___ U.S. ___, 132 S. Ct. 975 (2012), but prior to the Transfer of Jurisdiction to this court, the Eighth Circuit Court of Appeals vacated the judgment of the United States District Court for the District of Nebraska and remanded the case "for other proceedings not inconsistent with this opinion." Transfer of Jurisdiction (docket no. 1-1) (Docket of District of Nebraska

Case No. 8:10-cr-127-JFB-TDT-1) (Nebraska docket no. 81, Copy of Opinion of USCA -8th Circuit, *published at* 504 Fed. Appx. 519, 520 (8th Cir. 2012)). Mandate on the decision of the Eighth Circuit Court of Appeals issued on January 14, 2013. *Id.* (Nebraska docket no. 83). The Eighth Circuit Court of Appeals required that two matters be addressed on remand to the district court: (1) consideration of Smith's "non-delegation challenge" to the SORNA statute on the merits, asserted in his motion to dismiss the indictment, because the appellate court had erroneously determined that he did not have standing to challenge the statute on that ground; and (2) amendment of the special conditions of supervised release, because the appellate court reinstated its previous opinion affirming special conditions 3, 5, 7, 9, and 10, but vacating special condition 6, for the reasons stated in its prior opinion, *United States v. Smith*, 655 F.3d 839, 843-48 (8th Cir. 2010). *See Smith*, 504 Fed. Appx. at 520. It does not appear from the docket of the United States District Court for the District of Nebraska that any proceedings were conducted pursuant to the remand from the Eighth Circuit Court of Appeals.

I do not construe the Transfer of Jurisdiction to grant this court jurisdiction to consider anew any portion of Smith's motion to dismiss the indictment filed in the United States District Court for the District of Nebraska or to amend the judgment and conditions of supervised release originally imposed by the United States District Court for the District of Nebraska. The statute allowing transfer of jurisdiction over a supervised releasee, 18 U.S.C. § 3605, certainly does not grant this court such jurisdiction, nor am I aware of any other statute that would grant this court such jurisdiction. Thus, I believe that any further proceedings pursuant to the mandate of the Eighth Circuit Court of Appeals must be conducted in the United States District Court for the District of Nebraska.

The Clerk of Court shall serve copies of this order, by e-mail or first class mail to last known address, if no e-mail is available, on the United States Probation Office for the Northern District of Iowa, the lead attorney for the United States Attorney's Office for the Northern District of Iowa, the United States Probation Office for the District of Nebraska, the defendant, the attorney who represented the defendant in the proceedings in the United States District Court for the District of Nebraska, the lead attorney for the United States Attorney's Office of the District of Nebraska in the proceedings in the United States District Court for the District of Nebraska, and the Clerk of Court for the United States District Court for the District of Nebraska.

**IT IS SO ORDERED**.

**DATED** this 18th day of June, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA